# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV00092 MLM |
| ) | |
| JODY HOVEY[1], ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

On June 19, 2009, petitioner pled guilty to robbery in the first degree and unlawful use of a weapon, and the trial court sentenced petitioner to an aggregate term of ten years in the Missouri Department of Corrections and 120 days of shock incarceration.[2] After completion of the shock incarceration, the court suspended the execution of the sentence and placed petitioner on parole. Petitioner did not appeal the sentence or file a timely motion for postconviction relief.

---

[1]Petitioner has named as respondent the Missouri Dept. Of Corrections. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. See 28 U.S.C. § 2254, Rule 2(a). Captain Jody Hovey, Division Commander of Buchanan County Jail, is the proper respondent.

[2]Petitioner was given credit for one year of time served.

The court revoked petitioner's parole on July 29, 2010. On December 6, 2011, petitioner filed a motion for postconviction relief under Missouri Rule 24.035, which was denied without a hearing, as untimely. Petitioner is currently incarcerated at the Buchanan County Jail.

In the instant petition, petitioner argues that his guilty plea was unknowing and involuntary.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. See, e.g., State v. Nelson, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final at the end of June in 2009. Because petitioner did not file an appeal or motion for postconviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on or about June 29, 2010. The petition is, therefore, time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that the Clerk shall substitute Jody Hovey for the Missouri Department of Corrections in this action.

So Ordered this 9th day of February, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE